IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAMMY L. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-949-GMS-SRF |
| ) | |
| GEORGE & LYNCH, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Presently before the court in this sexual harassment, gender discrimination, and retaliation action brought under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), is defendant George & Lynch's ("G&L" or "Defendant") motion to preclude the testimony or report of Elizabeth Watson Gramigna ("Gramigna"), filed on July 31, 2012 (D.I. 155).[1] For the following reasons, the court will grant G&L's motion to preclude Gramigna's testimony and report.

**II.   BACKGROUND**

The background relevant to this action has been set forth more fully by the court in the Report and Recommendation addressing the parties' motions for summary judgment, which was

---

[1]Also pending before the court are the following: (1) a motion for summary judgment filed by G&L and Leonard J. Brooks, Jr. ("Brooks") (D.I. 156); (2) a motion for partial summary judgment, filed by plaintiff Tammy L. Crawford ("Crawford" or "Plaintiff") (D.I. 157); (3) the motion to strike of plaintiff Tammy L. Crawford ("Crawford" or "Plaintiff"), filed on August 17, 2012 (D.I. 167); and (4) G&L's motion to strike and for sanctions, filed on September 20, 2012 (D.I. 185). The court addresses the motions for summary judgment in a Report and Recommendation issued contemporaneously herewith. The court addresses the motions to strike in a separate Memorandum Order issued on this same date.

filed on this same date. For purposes of the present motion, the relevant facts are as follows.

On March 15, 2012, Crawford disclosed Gramigna as her human resources expert to provide an opinion on G&L's employment practices. (D.I. 169, Ex. 1) Gramigna's report opined that G&L failed to provide anti-harassment training to its employees, update its anti-harassment policy, and investigate Crawford's allegations. (*Id.* at 2) Moreover, Gramigna indicated that G&L deviated from standard employer practices to prevent and remedy harassment in the workplace. (*Id.*) Gramigna's report and testimony were based on the information she reviewed and her professional background and experience. (*Id.* at 1) G&L sought to preclude Crawford from offering Gramigna as an expert witness in a discovery dispute letter jointly filed by the parties on April 5, 2012. (D.I. 85) G&L renewed its motion following the completion of Gramigna's deposition. (D.I. 142)

### III. LEGAL STANDARD

Motions to exclude evidence are committed to the court's discretion. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994). The admissibility of expert testimony is a question of law governed by Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Pursuant to Federal Rule of Evidence 702, "an expert's testimony must: (i) be based on specialized knowledge, training, or experience that will assist the trier of fact; (ii) be based on sufficient facts or data; (iii) be the product of reliable principles and methods; and (iv) reliably apply the principles and methods to the facts of the case." *See AVM Techs., LLC v. Intel Corp.*, C.A. No. 10-610-RGA, 2013 WL 126233, at *1 (D. Del. Jan. 4, 2013) (citing Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-97 (1993)). "[A]ny step that renders the [expert's]

analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible." *In re Paoli*, 35 F.3d at 745. Crawford bears the burden of establishing that Gramigna's testimony is admissible by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1983).

The Third Circuit has explained that Rule 702 restricts testimony based on qualification, reliability, and fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). The issues raised in the present matter primarily implicate the reliability and fit of Gramigna's testimony. To prove reliability, the party must show that the expert's testimony is "based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief." *Paoli*, 35 F.3d at 742 (quoting *Daubert*, 509 U.S. at 590). The expert's testimony must also be relevant for the purposes of the case and must assist the trier of fact. *Schneider*, 320 F.3d at 404. In *Daubert*, the Supreme Court explained that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92. Neither expert testimony on the legal standards applicable to the case, nor testimony on factual matters involving common sense, assists the trier of fact. *See Int'l Market Brands v. Martin Int'l Corp.*, 2012 WL 621464, at *1 (W.D. Pa. 2012).

## IV. DISCUSSION

In support of its motion to preclude, G&L contends that Gramigna's testimony and report contain inadmissible legal opinion. (D.I. 155 at 3-7) Specifically, G&L alleges that Gramigna's report purports to answer whether G&L can successfully invoke the *Ellerth-Faragher* affirmative defense and opines on the reasonableness of G&L's actions. (*Id.* at 4, 6-7) According to G&L,

Gramigna's report does not cite the industry's standard practices, but rather relies on legal standards and concludes that G&L violated the legal standards. (*Id.* at 6, 8) Moreover, G&L argues that Gramigna's report contains inadmissible speculations about G&L's state of mind without supporting evidence. (*Id.* at 7-8)

In response, Crawford contends that Gramigna's expert opinion would help the trier of fact reach a determination on issues such as whether G&L's investigation of the complaint was timely and effective, and whether the supervisors had a duty to act upon learning of Crawford's complaint. (D.I. 169 at 8) Crawford alleges that Gramigna merely opined on whether G&L followed standard practices and procedures for the prevention of harassment, and did not provide a legal opinion as to the reasonableness of G&L's actions. (*Id.*)

The court concludes that Gramigna's report and testimony are not admissible. Crawford has failed to meet her burden of proving that Gramigna supported her conclusions with a generally-accepted methodology as required under *Daubert*. *See FedEx Ground Package Sys., Inc. v. Applications Int'l Corp.*, 695 F. Supp. 2d 216, 224-25 (W.D. Pa. 2010) (excluding expert testimony where expert "fail[ed] to support his conclusions with any technical principles, methodology, or other sound reasoning"). Gramigna's report generally refers to "standard practice" or "standards in the industry" that are "typically put in place by organizations," but describes no scientific or tested methodology that governs the sufficiency of a company's discrimination policies and procedures. (D.I. 155, Ex. 1 at 2-3) Moreover, at oral argument, Crawford's counsel was unable to answer questions regarding which standard Gramigna applied in offering her report and testimony. Instead, Crawford's counsel repeatedly discussed

Gramigna's qualifications and work experience.[2] Gramigna's extensive experience is relevant to whether she may be qualified as an expert, but is not responsive to the reliability requirement. *See FedEx*, 695 F. Supp. 2d at 223.

Gramigna's testimony and report also contain impermissible legal conclusions.[3] *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("[T]he District Court must ensure that an expert does not testify as to the governing law of the case."). Specifically, Gramigna concludes that G&L "failed to take reasonable care in preventing sexual harassment, discrimination and retaliation." (D.I. 155, Ex. 1 at 12) The "reasonable care" language invokes the *Ellerth-Faragher* affirmative defense, which requires an employer to show that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior." *Cardenas v. Massey*, 269 F.3d 251, 266 (3d Cir. 2001) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998)); *see also Wolfe v. McNeil-PPC, Inc.*, 881 F. Supp. 2d 650, 662 n.6 (E.D. Pa. 2012) (finding inadmissible conclusions in expert report regarding defendants' culpability and characterization of warning label as "unreasonably dangerous"). Gramigna's reliance on the

---

[2]In response to the court's questions regarding which standard practices Gramigna relied upon, Crawford's counsel answered, "Your Honor, preventing harassment and retaliation. It's a big business. She is a trainer, what she does. This is an attorney. This is a woman certified as a senior professional in human resources." (D.I. 197 at 115:1-4) When asked again what policy or standard Gramigna was applying to G&L's conduct, counsel for Crawford responded that Gramigna's testimony "is based on her experience as an attorney but also as a senior professional in human resources, a special certification, based on her experience, based on her education, of going in and working with companies." (*Id.* at 117:2-6)

[3]During the oral argument on the present motion, Crawford's counsel conceded that Gramigna's testimony and report are legal in nature: "And part of it is legal. I can't get away from that. Part of it is the case law and part of it is the EEOC guidelines. Part of it is her education as a certified human resource expert. Part of it is just her experience of going in and doing this for companies as her primary source of income. This is what she does." (D.I. 197 at 120:18-23)

5

EEOC's Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors further demonstrates the legal foundation for Gramigna's opinion. (D.I. 155, Ex. 3) ("provid[ing] guidance regarding employer liability for harassment by supervisors based on sex, race, color, religion, national origin, age, disability, or protected activity"). Gramigna's assessment that "the company's response to [Crawford's] complaint could reasonably be viewed as retaliatory" constitutes an impermissible legal conclusion because retaliation is a legal concept, and because Gramigna reaches a conclusion as to whether Crawford's subjective belief about the legal concept was reasonable. (D.I. 155, Ex. 1 at 8)

Moreover, Gramigna's opinion would not assist the jury in deciding the issues before it. The jury should be left to decide whether G&L's policy was adequate and whether its procedures were properly enforced by reviewing the factual evidence on the record and applying the legal standards as directed by the court. The reasonableness of an employer's response to harassment does not require expert testimony. *See Wilson v. Muckala*, 303 F.3d 1207, 1218-19 (10th Cir. 2002) (rejecting the admissibility of a human resources expert's testimony, observing that if the normal experiences and qualifications of jurors are sufficient to allow them to properly reach a decision based on the facts and circumstances in the record, an expert witness is not necessary).

In support of her arguments, Crawford relies heavily on the Middle District of Pennsylvania's decision in *Young v. Pleasant Valley School District*, 267 F.R.D. 163, 167 (M.D. Pa. 2010), in which the court denied a motion to exclude an expert after concluding that the expert based his opinion on evidence of the record, the defendant's personnel file, and the deposition transcripts. However, the facts set forth in *Young* are distinguishable from the facts of the present matter because Gramigna did not review any deposition transcripts, she conducted no

independent investigation, and she relied on only three documents from the record during the preparation of her report. (D.I. 155, Ex. 1; Ex. 2 at 19-21) In light of the weak factual basis for Gramigna's opinion, the absence of applicable standards or methodology governing her opinion, and the numerous legal conclusions upon which her opinion is based, the court concludes that Gramigna's expert report and testimony should be excluded from the record.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that G&L's motion to preclude the expert testimony and report of Elizabeth Watson Gramigna (D.I. 155) is GRANTED.

Dated: December 9, 2013

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE