IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | )
|---|---|
| TAMMY L. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-949-GMS-SRF |
| | ) |
| GEORGE & LYNCH, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

Pending before the court are Magistrate Judge Fallon's Report and Recommendation, (the "R and R"), dated December 11, 2013 (D.I. 202), Tammy L. Crawford's ("Crawford") Objections to the Report and Recommendation (D.I. 207), and George & Lynch, Inc.'s ("G&L") Objections (D.I. 205). For the reasons discussed, the court will overrule Crawford's objections and overrule in part G&L's objections, and adopt in part and modify in part the R and R which recommends that the court: (1) grant-in-part and deny-in-part G&L's motion for summary judgment (D.I. 156); and (2) deny Crawford's motion for partial summary judgment regarding the failure to mitigate damages (D.I. 157).[1]

### II. THE PARTIES' OBJECTIONS

#### A. Crawford's Objections

With respect to the December 11, 2013 R and R, Crawford contends that Magistrate Judge Fallon erred in recommending that the court deny her motion for partial summary

---

[1] The court adopts the R & R's thorough and comprehensive background section (D.I. 202 at 2-11) in its entirety and, as the court writes primarily for the parties, will not restate the facts for purposes of this Order.

judgment regarding the failure to mitigate damages. (D.I. 207 at 4.) Specifically, Crawford argues that she sufficiently set forth that she made efforts to mitigate her damages, and she showed that she did not withdraw from the job market. (*Id.*) Further, Crawford asserts that G&L offered no evidence to refute her efforts to mitigate, nor did G&L offer any evidence that comparable work was available, or that Crawford's decision to work at CTC was unreasonable. (*Id.*) Crawford also asserts Magistrate Judge Fallon erred in granting G&L's motion for summary judgment with respect to Crawford's state law claims of promissory estoppel / detrimental reliance and breach of the covenant of good faith and fair dealing. (*Id.* at 1.) Crawford directs the court's attention to her motion for partial summary judgment and the alleged significant drop in CTC business as a result of Bursich taking over as manager. (*Id.* at 1-4.)

### B. G&L's Objection

G&L contends that Magistrate Judge Fallon erred in recommending that the court deny its motion for summary judgment as to Crawford's hostile work-environment claim. (D.I. 205 at 5.) Specifically, G&L maintains that Bursich was not Crawford's supervisor and that G&L has satisfied its burden to establish its affirmative defense. (*Id.*)

## III. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

Because the magistrate judge filed her report and recommendation pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure, the pending motions are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. FED. R. CIV. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with

instructions for proceedings. *Id.*

## B. Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). A fact is material if it "could affect the outcome of the proceeding." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material facts exists, the district court must view the evidence in the light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing FED. R. CIV. P. 56(e)).

The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* The party opposing summary judgment must present more than just "mere allegations, general denials, or . . . vague statements" to show the existence of a genuine issue. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). As such, a nonmoving party must support their assertion that a material fact is in dispute by: "(A) citing to

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited to do not establish absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

After having reviewed the record in this case, the December 11, 2013 R and R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching her conclusions except as to Bursich's status as a supervisor or co-worker. More particularly, the magistrate judge correctly determined that the court should deny Crawford's motion for partial summary judgment regarding her failure to mitigate damages (D.I. 157) and grant-in-part and deny-in-part G&L's motion for summary judgment (D.I. 156). The court will modify the magistrate judge's recommendation as to summary judgment on the issue of Bursich's status as a co-worker or supervisor.

The magistrate judge correctly determined that denial of Crawford's partial summary judgment motion was proper. First, the court properly addressed the legal standard regarding an employee's duty to mitigate his or her damages by diligently searching for substantially equivalent employment. Second, the court appropriately noted that a genuine issue of material fact exists as to whether Crawford's actions constituted a withdrawal from the employment market.

4

The magistrate judge also appropriately recommended granting summary judgment for G&L as to Crawford's claims for promissory estoppel / detrimental reliance and breach of the covenant of good faith and fair dealing. In making her determination, the magistrate judge cited the complete lack of evidence and Crawford's direct contradictions to assertions of business decline in support of granting summary judgment. The court agrees with this assessment of the factual record and finds that no reasonable jury could conclude that the drop in business cited to by Crawford was prejudicial to CTC when CTC had obtained similar levels of business from G&L in the period prior to Crawford's employment with G&L.

Finally, the court concludes the magistrate judge erred in deciding there was a disputed question of material fact for the jury regarding Bursich's status as a supervisor or co-worker in light of the Supreme Court's recent decision in *Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013).[2] The court finds that a genuine issue of material fact remains as to whether G&L failed to provide a reasonable avenue for complaint or, alternatively, whether G&L knew or should have known of the harassment and failed to take prompt remedial action.

---

[2] G&L cites to a letter submitted by Crawford dated July 16, 2013 (D.I. 201 at 2), for its assertion that no question remains as to Bursich's status as a co-worker rather than a supervisor. (D.I. 205 at 6.) It is unclear if the magistrate judge considered this supplemental letter in deciding the issue.

The Supreme Court in *Vance* drew a clear line holding that, "an employer may be vicariously liable for an employee's unlawful harassment only when the employer has empowered that employee [as supervisor] to take tangible employment actions against the victim, *i.e.*, to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" 133 S. Ct. at 2443 (quoting *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761(1998)). The evidence relied on by the R and R to deny summary judgment on this issue does not meet the *Vance* standard articulated by the Court and no reasonable jury could find that Bursich was empowered to take tangible employment actions against Crawford. As such, the court will grant G&L's objections to this portion of the R and R. The Magistrate Judge did not reach the question of whether G&L met its burden to establish its affirmative defense based on her finding that a genuine issues of material fact remained as to whether Bursich acted as Crawford's supervisor or her co-worker. (D.I. 202 at 22.) Upon review of the record, case law, and party briefings the court finds that a genuine issue of material fact exists as to G&L's affirmative defense and will allow this issue to proceed to trial.

## V. CONCLUSION

After reviewing the record in this case, the December 11, 2013 R and R, the parties' submissions, and the applicable law, the court adopts in part the rationale set forth by Magistrate Judge Fallon and will overrule Crawford's objections and overrule in part G&L's objections.

Dated: September 2, 2014

_____
UNITED STATES DISTRICT JUDGE